# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>MARK L. TAYLOR,<br><br>　　　　Debtor.<br>_____<br><br>XFS, INC.,<br><br>　　　　Plaintiff/Appellant,<br><br>v.<br><br>MARK L. TAYLOR,<br><br>　　　　Defendant/Appellee. | BK-10-11210-MKN<br><br><br><br><br><br>2:11-CV-396 JCM (CWH) |

### ORDER

Presently before the court is appellant XFS, Inc.'s ("XFS") appeal of United States Bankruptcy Judge Lloyd King's ruling in adversary case number 10-01159-MKN of bankruptcy case *In re Mark L. Taylor*, BK-10-11210-MKN. XFS filed an opening brief. (Doc. #10). Appellee Mark L. Taylor ("Taylor") filed an answering brief (doc. #14), to which XFS filed a reply (doc. #15).

This court has jurisdiction over the appeal of the bankruptcy court's decision pursuant to 28 U.S.C. § 158(a). The instant appeal raises six issues:

　　(1)　Whether the bankruptcy court erred when it refused to admit documents at trial which
　　　　　were produced after the close of discovery; and

**James C. Mahan**
**U.S. District Judge**

1  (2)  Whether the bankruptcy court erred when it refused to deny Taylor a discharge under
2  11 U.S.C. §§ 523(a)(2)(A) and 727(a)(2)-(5).

### Factual Background

The following factual background is a summary of the bankruptcy court's findings of fact. (Doc. #11, Ex. 13).

Taylor is a licensed chiropractor, whose treatment of patients included supervised exercises on pilates equipment. Donald Ahern ("Ahern") is the president and sole owner of XFS. Taylor provided chiropractic services to Ahern. Ahern was pleased with the treatment he received from Taylor, and Ahern and Taylor developed a friendly, cordial relationship.

Taylor informed Ahern of an informal, unwritten business plan for upgrading and expanding his chiropractic business. Pursuant to the plan, Taylor would purchase $75,000 to $80,000 of new pilates equipment, spend $30,000 to train pilates instructors, and invest $80,000 in expansion and improvement of his facilities.

Ahern arranged to loan Taylor $200,000 through XFS. In connection with this loan, Taylor executed a promissory note on January 2, 2008 (doc. #11, ex. 27), and a corresponding security agreement (doc. #11, ex. 28). XFS filed a form UCC-1 financing statement with the Secretary of the State of Nevada. (Doc. #11, Ex. 30). XFS advanced $100,000 of the loan proceeds to Taylor prior to the date of the promissory note.

The security agreement gives XFS a security interest in "all equipment, inventory, receivables and deposits of Dr. Mark L. Taylor, D.C. Ltd." (Doc. #11, Ex. 28). The loan documents, note, and security agreement were all drafted by counsel for XFS. Taylor was not represented by counsel, and XFS did not give Taylor a copy of the loan documents. The security agreement does not list or describe with particularity the covered items of collateral. (*See* Doc. #11, Ex. 28).

Taylor and Ahern had different understandings about the items covered in the security agreement. Taylor understood that the security agreement would apply only to new pilates equipment purchased with the proceeds of the loan from XFS. Ahern understood that the security agreement would apply to all of the pilates equipment owned by Taylor, including the equipment

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  Taylor owned prior to the $200,000 loan from XFS.

2  Later in 2008, Taylor needed additional loans to settle pending litigation unrelated to XFS.
3  Thus, Taylor borrowed an additional $50,000 from XFS. The original promissory note was replaced
4  by a revised note in the amount of $250,000. (Doc. #11, Ex. 29). The revised note stated that it was
5  secured by the same collateral as the original note.

6  Taylor's business revenues decreased during 2008 and 2009. In September 2009, Taylor sold
7  some of his used pilates equipment to two of his patients. Taylor owned these pieces of equipment
8  prior to receiving the loans from XFS and was not aware that XFS claimed a security interest in the
9  equipment.

10  Taylor closed his chiropractic business in September 2009. After closing his practice, Taylor
11  moved his equipment and some of his business records into a storage locker at All Storage. The
12  bankruptcy court found that Taylor visited the storage locker only once in November 2009.

13  In January 2010, Taylor filed a petition for relief under chapter 7 of the bankruptcy code.
14  Taylor reported that the pilates equipment in storage had an estimated value of $1,000, and noted
15  that XFS claimed a security interest in this equipment.

16  After he filed for bankruptcy, Taylor visited the locker at All Storage and found that his
17  property had been removed, except for one damaged file cabinet. All Storage employees informed
18  Taylor that his locker was vacated on or about December 31, 2009. Taylor did not call the police,
19  file an insurance claim, or file suit against All Storage. The bankruptcy court found that Taylor had
20  not secured the storage locker in a proper manner because Taylor kept the key and access code in an
21  unlocked desk drawer at his place of business.

## Standard of Review

23  The court reviews the bankruptcy court's conclusions of law and interpretation of the
24  bankruptcy code *de novo*. *In re Greene*, 583 F.3d 614, 618 (9th Cir. 2009). Further, the court
25  reviews the bankruptcy court's findings of fact for clear error. *Id.* This court must accept the
26  bankruptcy court's findings of fact "unless, upon review, the court is left with the definite and firm
27  conviction that a mistake has been committed by the bankruptcy judge." *Id.* Finally, the bankruptcy

**James C. Mahan**
**U.S. District Judge**

- 3 -

1  court's evidentiary rulings are reviewed for abuse of discretion. *In re Kim*, 130 F.3d 863, 865 (9th
2  Cir. 1997).

3  **I.   Bankruptcy court's refusal to admit relevant testimony and evidence produced after**
4  **     close of discovery**

5  XFS contends that the bankruptcy court erred when it refused to admit relevant testimony and
6  evidence, which was produced by a third party three days before trial. (Doc. #10).

7  During discovery, All Storage produced documents pursuant to a subpoena. These
8  disclosures contained an affidavit from All Storage's custodian of records, which stated that the
9  records were All Storage's "entire file." On the first day of the trial, XFS called Patricia Misiak
10 ("Misiak"), the operations manager and person most knowledgeable for All Storage. (Doc. #11, Ex.
11 22). Misiak authenticated a one-page incident report detailing the March 6, 2010, communications
12 between Taylor and All Storage when Taylor realized that there was a new lock on his storage locker
13 and that his locker had been vacated in December 2009. Misiak also testified that she had
14 discovered that two pages were missing from All Storage's previous disclosures during her
15 preparation for the trial. (Doc. #11, Ex. 22, p. 102). These documents were provided to XFS, and
16 XFS disclosed these documents on the Friday before the Monday trial. XFS further added these
17 documents to their list of exhibits as exhibit 41.

18 The undisclosed documents showed that Taylor's storage unit was accessed in December
19 2009. XFS contends that this contradicts Taylor's sworn testimony that he did not visit the storage
20 unit from November 2009 to March 2010. (Doc. #11, Ex. 43). The undisclosed documents also
21 contained a statement from an All Storage employee, stating that the employee observed Taylor
22 moving exercise equipment out of the storage unit at some point prior to March 2010. (Doc. #11,
23 Ex. 43).

24 At trial, counsel for Taylor objected to exhibit 41, stating that discovery had ended more than
25 a month previously, and he had not received these documents until the Friday before trial. Counsel
26 for Taylor then reviewed these documents and restated his objection because the documents were
27 "detrimental to the client." (Doc. #11, Ex. 22, pp. 102-04). The bankruptcy court sustained the
28

**James C. Mahan**
**U.S. District Judge**                                    - 4 -

1  objection, and did not admit these documents into evidence. (Doc. #11, Ex. 22, p. 104).

2  Federal Rule of Civil Procedure 26(a)(3)(B) mandates that all pretrial disclosures be made at least 30 days before trial. If a party fails to provide information as required by Rule 26(a), "the party is not allowed to use that information . . . at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). Courts may use the following factors to determine whether a violation of a discovery deadline is substantially justified or harmless: (1) prejudice or surprise to the party against whom the evidence is offered, (2) the ability of that party to cure the prejudice, (3) the likelihood of disruption of the trial, and (4) bad faith or willfulness involved in not timely disclosing the evidence. *Lanard Toys Ltd. v. Novelty, Inc.*, 375 Fed. Appx. 705, 713 (9th Cir. 2010); *Baltodano v. Wal-Mart Stores, Inc.*, 2011 WL 3859724, at *2 (D. Nev. 2011).

XFS argues that the bankruptcy court committed clear error when it excluded this relevant evidence. The discovery failure was not attributable to XFS (All Storage failed to produce these documents in its initial disclosures), and XFS gave the documents to Taylor as soon as it received them. Additionally, it would not have been difficult to authenticate these documents since XFS had already called All Storage's person most knowledgeable. Further, XFS asserts that the bankruptcy court did not provide its reasoning for excluding the evidence. (Doc. #10).

Taylor argues that the discovery violation was neither substantially justified nor harmless. Exhibit 41 both prejudiced and surprised Taylor. Taylor had no opportunity to cure the prejudice because he could not refute the authentication, provide an alibi, or conduct further discovery regarding this evidence. (Doc. #14).

This court finds that the bankruptcy court abused its discretion when it excluded this evidence because XFS's failure to produce these documents was substantially justified. The excluded evidence is clearly relevant and admissible pursuant to Federal Rules of Evidence 401, 402 and 403. Here, the discovery violation is not attributable to XFS because XFS did not possess or have control of the documents until All Storage's person most knowledgeable produced the disputed documents immediately before trial.

. . .

**James C. Mahan**
**U.S. District Judge**

- 5 -

As soon as XFS received the documents from All Storage, XFS gave the documents to Taylor. Thus, XFS was not at fault for the late disclosure, and XFS acted appropriately under the circumstances. Under these facts, it was unreasonable for the bankruptcy court to punish XFS for a discovery violation properly attributable to All Storage. Accordingly, the bankruptcy court abused its discretion when it excluded this evidence. *See* FED. R. EVID. 37(c)(1); *In re Kim*, 130 F.3d at 865.

**II.    Bankruptcy court's refusal to deny Taylor a discharge pursuant to 11 U.S.C. §§ 523(a)(2)(A) and 727(a)(2)-(5)**

XFS also appeals the bankruptcy court's refusal to deny Taylor a discharge pursuant to 11 U.S.C. §§ 523(a)(2)(A) and 727(a)(2)-(5). (Doc. #10). In light of this court's ruling that the bankruptcy court abused its discretion by excluding exhibit 41, the court declines to address these issues in the instant appeal. The excluded evidence in exhibit 41 may have had an impact on the bankruptcy court's debt discharge rulings pursuant to 11 U.S.C. §§ 523(a)(2)(A) and 727(a)(2)-(5). Thus, it is inappropriate to review the bankruptcy court's other substantive rulings, which were based on an incomplete evidentiary record.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that United States Bankruptcy Judge Lloyd King's ruling in adversary case number 10-01159-MKN of bankruptcy case *In re Mark L. Taylor*, BK-10-11210-MKN, be, and the same hereby is, VACATED and REMANDED for further proceedings consistent with this order.

DATED July 24, 2012.

_____
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 6 -